J-S26024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES MANDEE FUTRELL | |
| Appellant | No. 1316 MDA 2014 |

Appeal from the PCRA Order of July 18, 2014
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0006077-2006

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                              **FILED JULY 16, 2015**

James Futrell appeals the July 18, 2014 order that denied his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, in part as untimely.  Notably, the PCRA court also found that Futrell was serving an illegal sentence, and modified Futrell's sentence downward to comply with our Crimes Code.

Counsel for Futrell has filed with this Court a no-merit letter and a petition to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  For the reasons detailed herein, we agree with counsel that Futrell's appeal has no merit due to the untimeliness of Futrell's PCRA petition.  However, we affirm the PCRA court's order only in part, and we vacate the order in part due to the PCRA court's partial grant of relief

without first having proper jurisdiction. We grant counsel's motion to withdraw as counsel, but we also remand the case to the PCRA court with instructions to re-impose the original judgment of sentence.

On August 6, 2007, Futrell was convicted after a jury trial of possession of a controlled substance with intent to deliver and criminal conspiracy.[1] On September 24, 2007, the trial court sentenced Futrell to six to twelve years in prison. On direct appeal, a panel of this Court reproduced the trial court's summarization of the relevant facts underlying Futrell's convictions and sentence as follows:

> On June 28, 2006, Trooper Christopher C. Keppel of the Pennsylvania State Police was working with a cooperating source in setting up a drug transaction for two (2) ounces, approximately fifty-six (56) grams, of cocaine. Between 10:00 p.m. and 11:00 p.m. that evening, Trooper Keppel's source made a phone call to an individual named "Yaya" and ordered two (2) ounces of cocaine. The source and "Yaya" arranged to meet at an apartment complex parking lot in the 200 block of Park Street in York City. While surveying the arranged meeting place from the second floor of the apartment complex, Trooper Keppel observed a vehicle, occupied by two (2) individuals, back into the parking lot. At the same time, additional phone calls were made to "Yaya" who confirmed the location of the individuals bringing the cocaine. Trooper Keppel then alerted the surveillance team, made up of the York City Police Department and York City Drug Task Force, that the vehicle observed pulling into the lot was the target.
>
> Upon approaching the vehicle, Officers Scott Nadzom and [*sic*] Bushman of the York Police Department observed the two (2) individuals in the vehicle and a plastic bag containing a white, powdery substance next to a Bobcat police scanner on the center

---

[1]    35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 903.

console of the vehicle.  The officers then went to the passenger side of the vehicle and arrested an individual identified as Arthur Hines.  Trooper Keppel had identified Mr. Hines as "Yaya" upon his arrival at the scene.  After Mr. Hines was apprehended, police conducted a search of his person and seized the bag containing the white substance, police scanner, two (2) cell phones and five (5) bags of vegetable matter.  It was later determined that the white, powdery substance in the plastic bag was cocaine, weighing 57.1 grams.  The five (5) bags of vegetable matter were found to be marijuana, weighing 14.1 grams.

At the same time, police apprehended the second individual in the vehicle[, Futrell.  Futrell] was then taken to City Hall where he was strip-searched, as is customary for every suspect arrested for drugs.  The search revealed that a large sandwich bag, containing eight (8) pieces of crack cocaine, had been hidden in [Futrell's] rectum.  The eight pieces had been packaged in eight separate plastic baggies within the large sandwich bag.  Lab results confirmed that the substances found in the plastic baggies were crack cocaine and had a total weight of 3.9 grams.

*Commonwealth v. Futrell*, No. 1809 MDA 2007, slip op. at 2 (Pa. Super. Sept. 17, 2008) (quoting Trial Court Opinion, 1/9/2008, at 2-4).

We affirmed Futrell's judgment of sentence on direct appeal.  Initially, Futrell's counsel did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.  Subsequently, Futrell filed a PCRA petition seeking restoration of his right to file a petition for allowance of appeal.  The PCRA court granted the petition, and Futrell filed a timely petition with the Supreme Court.  The petition was denied on November 17, 2009.

On November 9, 2010, Futrell filed a timely PCRA petition.  After the appointment of counsel and an evidentiary hearing, the PCRA court denied

the petition. Futrell, representing himself,[2] appealed the denial order to this Court. On February 10, 2012, we affirmed the PCRA court's order in an unpublished memorandum. *See Commonwealth v. Futrell*, No. 868 MDA 2011, slip op. at 1, 13 (Pa. Super. Feb. 10, 2012). On August 22, 2012, the Pennsylvania Supreme Court declined Futrell's request for allowance of appeal.

On December 17, 2013, Futrell filed another PCRA petition. Counsel was appointed to represent Futrell. Counsel filed an amended PCRA petition. Futrell also filed two supplemental motions of law, raising a multitude of issues. Within those filings, Futrell argued that his six to twelve-year sentence was illegal because it exceeded the statutory maximum of ten years. The PCRA court held a hearing on the petition on July 18, 2014, after which the court dismissed Futrell's petition as untimely. However, despite the finding of untimeliness, the court granted Futrell relief on his legality of sentence claim, and resentenced him to five to ten years' imprisonment.

On August 1, 2014, Futrell filed a notice of appeal. In response, the PCRA court directed Futrell to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On September 10, 2014, Futrell

---

[2] Futrell filed a motion to discharge counsel with the PCRA court. The motion was granted. However, we then directed the PCRA court to hold a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), to ensure that Futrell's election to represent himself was knowing, voluntary, and intelligent. The PCRA court complied with our directive, and concluded that Futrell made a valid waiver of counsel.

filed a timely concise statement. On September 26, 2014, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a).

As noted above, counsel for Futrell has filed with this Court a *Turner*/*Finley* no-merit letter. We first consider whether counsel has complied with the requirements that our courts have established in order for appointed counsel to be released pursuant to *Turner* and *Finley*. We previously have explained this procedure as follows:

> Counsel petitioning to withdraw from PCRA representation must proceed under [*Turner*/*Finley* and] . . . must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court — [PCRA] court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citations omitted).

We conclude that PCRA counsel has substantially complied with the technical requirements of *Turner*/*Finley*. In his no-merit letter, counsel sets forth the issues as to which Futrell seeks our review on appeal. *See*

No-Merit Letter, 11/30/2014, at 4. Counsel also has set forth the history of Futrell's case thoroughly. *Id.* at 4, and attachment. Futrell's counsel also has reviewed the applicable statutes, case law, and rules of procedure. *Id.* at 1-5. In articulating his reasoning as to why he believes that Futrell is not entitled to relief, counsel reviews the legal standards that are applicable to the timeliness of a PCRA petition. Counsel ultimately concludes that Futrell's PCRA petition was untimely, rendering the PCRA court and this Court without jurisdiction. *Id.* at 5. In addition, counsel also reviews the multitude of claims that Futrell has raised throughout the entirety of the PCRA proceedings, and demonstrates why those claims lack merit.

Following a review of the record and the applicable law, Futrell's counsel ultimately has concluded that Futrell is not eligible for PCRA relief. *Id.* at 5 ("On this basis, I must conclude that there is no merit to the issue raised in this appeal, and I must petition the Superior Court to withdraw as counsel."). Accordingly, counsel has filed a motion to withdraw as counsel. Additionally, counsel has sent a copy of the no-merit brief and counsel's motion to withdraw as counsel to Futrell. In the letter, counsel incorrectly informed Futrell that, should this Court grant his motion to withdraw as counsel, he has the right continue his appeal *pro se*, or may retain private counsel at his own expense.[3] *Id.* at 20.

---

[3] When counsel filed his no-merit letter, this Court recognized the error of counsel's advice. Counsel incorrectly advised Futrell that he had the right
*(Footnote Continued Next Page)*

Based upon the foregoing, we conclude that PCRA counsel has complied substantially with the **Turner**/**Finley** requirements. **See Doty**, *supra*. However, before passing upon PCRA counsel's motion to withdraw, we must conduct our own independent review of the record.

Futrell has raised a multitude of issues throughout the PCRA proceedings. However, for the reasons detailed immediately below, we conclude that Futrell's PCRA petition was untimely, and that the PCRA court did not have jurisdiction to resolve any of the issues presented by Futrell. Thus, we need not list all of Futrell's issues, nor do we need to address them with any specificity, except for his claim that his petition is timely in light of the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013).

The "standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and

*(Footnote Continued)* —————————

to proceed *pro se* or with private counsel should this Court grant his petition to withdraw as counsel. Counsel should have instructed Futrell that he had those options immediately, not only after we granted his motion to withdraw as counsel. Recognizing this error, we afforded Futrell the opportunity to file a response to Counsel's no-merit letter and motion to withdraw as counsel. Futrell filed a motion to remand the case for an evidentiary hearing. We denied that motion, and gave Futrell a second chance to file an appropriate response. Once again, instead of filing a response, Futrell asked this Court to remand the case to the PCRA court so that he could raise additional issues. We denied that motion as well. Consequently, even though counsel gave Futrell incorrect advice, we conclude that he complied with **Turner/Finley** substantially, because we afforded Futrell two chances to respond to counsel's filings, which is the option he would have had if counsel had advised him correctly. Futrell elected not to respond.

- 7 -

whether that decision is free of legal error." ***Commonwealth v. Johnson***, 945 A.2d 185, 188 (Pa. Super. 2008). The PCRA court's findings "will not be disturbed unless there is no support for the findings in the certified record." ***Id.***

The PCRA was amended in 1995 to include strict time limits on filings, establishing that "[a]ny petition [filed under the PCRA] . . . shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). Under the PCRA, "[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). It is well-established that these time limits are jurisdictional, and are meant to be both mandatory and applied literally by the courts to all PCRA petitions, regardless of the potential merit of the claims asserted. ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011); ***Commonwealth v. Fahy***, 737 A.2d 214, 222 (Pa. 1999) (stating that a trial court has no authority to extend filing periods except as the statute permits); ***see Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000).

On November 17, 2009, the Pennsylvania Supreme Court denied Futrell's petition for allowance of appeal. Futrell had ninety days from that day to file a petition for a writ of certiorari with the United States Supreme Court. ***See*** U.S.Sup.Ct. Rule 13. Futrell's judgement of sentence became

final at the expiration of that time period, *see* 42 Pa.C.S. § 9545(b)(3), or on or before February 15, 2010. To be timely, any PCRA petition must have been filed within one year of that date, or on or before February 15, 2011. The petition at issue in this case was filed on December 17, 2013, over two and one-half years after the PCRA's time limit expired. Consequently, the petition is facially untimely.

Despite the untimeliness of the petition, there are three statutory exceptions to this one-year time limit, which, when satisfied, permit a defendant to file a PCRA petition more than one year after the underlying judgment of sentence becomes final. These exceptions are as follows:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b). "[I]t is the appellant's burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010).

Futrell has raised in these proceedings the potential applicability of subsection (iii), the newly-recognized, and retroactively-applied, constitutional right exception, based upon the Supreme Court's decision in ***Alleyne***, in which the Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. ***Alleyne***, *supra* at 2163.

> Subsection (iii) of Section 9545[ (b)(1) ] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Commonwealth v. Seskey***, 86 A.3d 237, 242-43 (Pa. Super. 2014) (quoting ***Commonwealth v. Copenhefer***, 941 A.2d 646, 649-50 (Pa. 2007)).

Quite recently, in ***Commonwealth v. Miller***, 102 A.3d 988 (Pa. Super. 2014), this Court addressed the exact situation presented in the case *sub judice*: whether ***Alleyne*** could serve as the basis for applying

- 10 -

subsection (iii) to an otherwise untimely PCRA petition. We squarely rejected the claim, holding that, even if **Alleyne** announced a new constitutional right, to date, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that the right applied retroactively to an individual whose judgment of sentence has finalized. **Miller**, 102 A.3d at 995. Hence, subsection (iii) does not apply to Futrell, and his petition remains untimely.

Because the petition is untimely, we need not address the merits of the myriad claims raised by Futrell throughout the proceedings. Similarly, due to the untimeliness, we also have not detected any other issues of merit during our independent review. Therefore, we have completed our **Turner**/**Finley** analysis and we agree with counsel that this appeal lacks merit.

Unfortunately, we have one other matter that we must discuss. Due to the untimeliness of the petition, the PCRA court lacked jurisdiction entirely over Futrell's case. This means that the PCRA court also lacked the authority to modify Futrell's sentence. Even though it appears that Futrell's sentence was illegal, a court nonetheless must have jurisdiction before it can void a judgment of sentence and replace it anew. **See Fahy**, 737 A.2d at 223 ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). Consequently, we must vacate the PCRA's order to the extent that it vacated Futrell's judgement of sentence and resentenced

Futrell. We remand this case to the PCRA court with instructions to re-impose Futrell's original sentence.

PCRA order affirmed in part, reversed in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/2015